UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| NETCHOICE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> TIM GRIFFIN, in his Official Capacity as Attorney General of Arkansas, <br><br> *Defendant*. | Case No. 5:23-cv-05105-TLB |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF ARKANSAS, AND ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The American Civil Liberties Union (ACLU), American Civil Liberties Union of Arkansas (ACLU of Arkansas), and Electronic Frontier Foundation (EFF) respectfully submit this brief in support of their motion for leave to file an amici curiae brief. Plaintiff consents to the filing of the proposed amicus brief. Defendant does not consent.

**I.      This Court has the authority to accept amicus briefs.**

"[A] district court has inherent authority to designate amici curiae to assist it in a proceeding." *Animal Prot. Inst. v. Merriam*, No. 06-3776, 2006 U.S. Dist. LEXIS 95724, at *2 (D. Minn. Nov. 16, 2006) (internal quotation marks & citations omitted). "Whether amicus briefs may be filed is a matter left to the court's discretion." *Rumble v. Fairview Health Servs.*, No. 14-cv-2037 (SRN/FLN), 2016 WL 6534407, at *1 (D. Minn. Nov. 3, 2016). *See also Hodge v. United States*, No. 08-cv-4072-DEO, 2009 WL 10697630, at *4 (N.D. Iowa Mar. 17, 2009).

Courts typically exercise their discretion and grant leave to file an amicus brief when the information included is "timely" or "useful." *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D.

1

Minn.1994), *rev'd on other grounds,* 85 F.3d 1295 (8th Cir. 1996). S*ee also, Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. 2018). For example, amicus briefs can include "background or factual references that merit judicial notice[,]" "particular expertise not possessed by any party to the case[,]" or explanations of the "impact a potential holding might have on an industry or other group." *Neonatology Assocs. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (citation omitted).

II.     **Amici's brief is timely and useful to the proper resolution of this case.**

The proposed amicus brief is timely. The Court has not issued a substantive ruling on Plaintiff's Motion for Preliminary Injunction, the hearing on that motion is set for August 15, and amici do not seek to change the briefing schedule.

The proposed brief is also useful and relevant. The ACLU is a nonprofit, nonpartisan membership organization devoted to protecting the civil rights and civil liberties of all Americans, including the rights to free speech, anonymity, and access to information online. The ACLU of Arkansas is a state affiliate of the ACLU. Recognizing the Internet's power as a tool of democratization, EFF has, for nearly 30 years, worked, on behalf of its more than 39,000 dues-paying members, to protect the rights of users to transmit and receive information online.

The ACLU, ACLU of Arkansas, and EFF have served as direct counsel or amicus in cases regarding the importance of young people's free speech rights. *See, e.g.*, *B.L. ex rel. Levy v. Mahanoy Area Sch. Dist.*, 141 S. Ct. 2038 (2021); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503 (1969). Amici have also appeared before courts to advocate for the constitutional right to speak and access information online. *See, e.g.*, *Packingham v. North Carolina*, 582 U.S. 98 (2017); *Reno v. ACLU*, 521 U.S. 844 (1997). This includes many cases that have held that laws prohibiting the communication of certain materials online without verifying the ages of

recipients violate the First Amendment. *See, e.g.*, *Reno v. ACLU*, 521 U.S. 844; *ACLU v. Mukasey*, 534 F.3d 181 (3d Cir. 2008); *ACLU v. Johnson*, 194 F.3d 1149 (10th Cir. 1999).

They submit the proposed amicus brief to highlight the breadth of expression that occurs on social media; the burdens S.B. 396 will place on social media users, including adults; and the numerous cases holding similar restrictions unconstitutional. The issues presented by this case will have a significant impact on the people of Arkansas, and Amici's brief brings the important and useful perspective of social media users to the Court. The brief is also helpful to the proper resolution of the case because it addresses governing caselaw from the Supreme Court and the Eighth Circuit, which makes clear that the challenged law is unconstitutional. In addition, Amici respectfully submit that, given their extensive experience in litigating First Amendment issues, especially those related to online speech and the speech rights of young people, they are well-positioned to address the issues raised in this case.

For these and other reasons, other district courts within the Eighth Circuit have accepted amicus briefs from Amici. *See, e.g.*, Brief of ACLU et al. as Amici Curiae Supporting Defendants' Motion to Dismiss, *Energy Transfer Equity v. Greenpeace Int'l*, No. 1:17-cv-00173-BRW, 2018 WL 4677787 (D.N.D. Jul. 24, 2018), ECF 46; Brief of Peace and Love et al. as Amici Curiae in Support of Plaintiffs' Motion for Summary Judgment, *Turning Point USA at Ark. State Univ. v. Rhodes*, No. 3:17-cv-00327-JLH, 2018 WL 1460863 (E.D. Ark. Mar. 23, 2018), ECF 33; *Karsjens v. Jesson*, No. 11-3659 (DWF/JJK), 2015 WL 6561712, at *4 (D. Minn. Oct. 29, 2015); *Am. Pulverizer Co. v. U.S. Dep't of Health and Hum. Servs.*, No. 12-3459-cv-S-RED, 2012 WL 6951316, at *1 n.1 (W.D. Mo. Dec. 20, 2012); *O'Brien v. U.S. Dep't of Health and Hum. Servs.*, 894 F. Supp. 2d 1149, 1154 n.1 (E.D. Mo. 2012). Similarly, Amici frequently appear before the Eighth Circuit as friends of the court. *See, e.g.*, Brief of EFF and ACLU as

3

Amici Curiae in Support of Petitioner–Appellant, *Reporters Comm. for Freedom of the Press v. United States*, No. 22-3326 (8th Cir. Feb. 7, 2023); *Sharpe Holdings, Inc. v. U.S. Dep't of Health and Hum. Servs.*, 801 F.3d 927 (8th Cir. 2015); Brief of ACLU et al. as Amici Curiae in Support of Defendants–Appellees, *Annex Medical, Inc. v. Sebelius*, No. 13-1118, 2013 WL 1276025 (8th Cir. Feb. 1, 2013).

For the foregoing reasons, Amici respectfully request that this Court grant their motion for leave to file their proposed amici curiae brief (attached) in support of Plaintiff's Motion for Preliminary Injunction.

Dated: July 14, 2023                                          Respectfully submitted,

*/s/ Holly Dickson*
Holly Dickson, Ark. Bar No. 98137
THE ARKANSAS CIVIL LIBERTIES
UNION FOUNDATION, INC.
904 West Second Street, Suite 1
Little Rock, Arkansas 72201
(501) 374-2842
holly@acluarkansas.org

Vera Eidelman
Laura Moraff
Ben Wizner
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2500
veidelman@aclu.org

David Greene
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org