IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NETCHOICE, LLC                                                                          Plaintiff

Case No. 5:23-cv-05105-TLB

TIM GRIFFIN, in his official capacity
as Attorney General of Arkansas                                                   Defendant


ANSWER

Attorney General of Arkansas, Tim Griffin, for his answer to the NetChoice's complaint,

states:


Preliminary Statement[1]

1.      The Attorney General admits that the quoted language is from the cited cases and

lacks knowledge or information sufficient to form a belief about the truth of the remainder of the

allegations in Paragraph 1.

2.      The Attorney General lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions about the operation of Act 689 to which the

Attorney General is not required to respond, but to the extent he must respond, he admits the char-

acterizations of Act 689's operations to the extent they are consistent with the law and denies them

to the extent they are inconsistent with the law. The Attorney General denies that Act 689 is un-

constitutional and the remainder of the allegations in Paragraph 3.

---

[1] The Attorney General uses the section headings in the Complaint for the reader's ease, and to
the extent it is required, he denies all allegations, explicit and implied, from all headings in the
Complaint.

4.      Paragraph 4 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of Act 689's operations to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law. The Attorney General denies the remainder of the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusion to which the Attorney General is not required to respond, but to the extent he must respond, he denies the allegations.

## The Parties

6.      The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      The Attorney General denies that he has any prosecutorial authority under the provision of Act 689 that will be codified at Arkansas Code Annotated § 4-88-1103(b)(1). The Attorney General admits the remainder of the allegations in Paragraph 7.

## Jurisdiction and Venue

8.      The Attorney General denies that the Court has jurisdiction over all of NetChoice's causes of action and admits the remainder of the allegations in Paragraph 8.

9.      The Attorney General admits that venue is proper.

## Background

10.      The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.     The Attorney General admits that online services can be used to harm minors. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 13.

14.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations about TikTok's partnership with Common Sense Networks. He denies the remainder of the allegations in Paragraph 17.

18.     The Attorney General denies that NetChoice's members' content-moderation complies with their own policies. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 18.

19.     The Attorney General denies that the ability to block another user, mute another user, or enter a restricted mode effectively allows users to curate the content that they wish to see. He lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.     The Attorney General denies that NetChoice's members' monitoring tools are effective. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 20.

21.     The Attorney General denies that NetChoice members restrict communications between adults and minors. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

24.     Paragraph 24 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the Act's operation to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law. He admits that the Arkansas General Assembly passed Act 689 of 2023. He denies the remainder of the allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the

4

characterizations of the Act's operation to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

26.     Paragraph 26 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the Act's operation to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

27.     Paragraph 27 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the Act's operation to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law. He denies the remainder of the allegations in Paragraph 27.

28.     The Attorney General denies that he has authority to prosecute under Act 689. The remainder of Paragraph 28 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the Act's operation to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

29.     Paragraph 29 contains legal conclusions about the operation of Act 689 to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the Act's operation to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

30.     The Attorney General admits the allegations in Paragraph 30.

## Claims for Relief

## Count One – First Amendment

31.     The Attorney General renews and incorporates by reference the preceding responses as though fully set out herein.

32.     Paragraph 32 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

33.     Paragraph 33 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

34.     Paragraph 34 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

35.     The Attorney General denies the allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

37.     The Attorney General denies the allegations in Paragraph 37.

38.     The Attorney General denies that practical effect of Act 689 triggers a First Amendment problem. The remainder of Paragraph 38 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the

characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

39.     The Attorney General denies that Act 689 discriminates based on speaker or content. He lacks knowledge or information sufficient to form a belief about the truth of the allegations about social-media companies' and platforms' revenues. The remainder of Paragraph 39 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

40.     Paragraph 40 contains legal conclusions about the application of Act 689 to certain video clips and what level of tailoring is required; the Attorney General is not required to respond to such legal conclusion, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law. The Attorney General denies that Act 689 draw arbitrary lines. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 40.

41.     The Attorney General denies that Act 689 discriminates among viewpoints. The remainder of Paragraph 41 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

42.     The Attorney General denies that Act 689's private enforcement mechanism creates a First Amendment problem. The remainder of Paragraph 42 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the

characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

43.     The Attorney General denies the provision to be codified at Arkansas Code Annotated § 4-88-1104 burdens protected speech. The remainder of Paragraph 43 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

44.     The Attorney General denies that Act 689 should be reviewed under heighted scrutiny and that it cannot survive heightened scrutiny. The remainder of Paragraph 44 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

45.     Paragraph 45 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

46.     The Attorney General admits that Arkansas has a compelling interest in protecting minors. He denies that online services actually preclude minors under 13 years old from accessing the platform and denies that the steps regulated companies have taken keep minors safe on their services. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 46.

47.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations about the internal operations of the Arkansas General Assembly

and the information it has collected. The remainder of Paragraph 47 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

48.     The Attorney General denies that Act 689 is overinclusive or impinges upon teen-agers' First Amendment rights. He lacks knowledge or information sufficient to form a belief about the truth of the allegations about the scope of teens' use of social media. The remainder of Para-graph 48 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

49.     The Attorney General denies that Act 689 is overbroad and fails constitutional scru-tiny. The remainder of Paragraph 49 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

50.     The Attorney General denies that Act 689 is overinclusive and chills adults' exer-cise of First Amendment rights. The remainder of Paragraph 50 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

51.     The Attorney General denies that Act 689 is underinclusive. The remainder of Par-agraph 51 contains legal conclusions to which the Attorney General is not required to respond, but

to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

52.      The Attorney General denies the allegations in Paragraph 52.

## Count Two – Unconstitutional Vagueness

53.      The Attorney General renews and incorporates by reference the preceding responses as though fully set out herein.

54.      Paragraph 54 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

55.      The Attorney General denies that Act 689 is vague and fails to provide a person of ordinary intelligence with fair notice of what is prohibited. Paragraph 55 contains an assortment of out-of-place rhetorical questions that do not require a response, but to the extent a response is required, the Attorney general is without knowledge or information sufficient to form a belief about the truth of the factual implications posed within the questions. He is also without knowledge or information sufficient to form a belief about the truth of the allegations about why people create social-media accounts. The remainder of Paragraph 55 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

56.     The Attorney General denies that Act 689 is vague and that companies cannot know how to apply the Act. The remainder of Paragraph 56 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

57.     The Attorney General denies that Act 689 leaves companies unsure whether it applies to them. The remainder of Paragraph 57 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

## Count Three – Preemption

58.     The Attorney General renews and incorporates by reference the preceding responses as though fully set out herein.

59.     Paragraph 59 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

60.     Paragraph 60 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

61.     Paragraph 61 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to

the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

62.     The Attorney General denies that Act 689 conflicts with COPPA. The remainder of Paragraph 62 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

63.     The Attorney General denies that Act 689 conflicts with or is preempted by COPPA.

### Count Four – Unconstitutional Extraterritorial Regulation

64.     The Attorney General renews and incorporates by reference the preceding responses as though fully set out herein.

65.     Paragraph 65 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

66.     Paragraph 66 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

67.     Paragraph 67 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

68.     Paragraph 68 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

69.     The Attorney General denies that Act 689 violates the Commerce Clause of the U.S. Constitution. The remainder of Paragraph 69 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

70.     Paragraph 70 contains legal conclusions to which the Attorney General is not required to respond, but to the extent he must respond, he admits the characterizations of the law to the extent they are consistent with the law and denies them to the extent they are inconsistent with the law.

71.     The Attorney General admits that Arkansas has an interest in protecting minors. He denies the remainder of the allegations in Paragraph 71.

## Prayer for Relief

72.     The Attorney General denies that NetChoice is entitled to any of the relief requested in the Wherefore clause, including its subparts.

73.     The Attorney General denies every allegation that is not specifically responded to above.

## AFFIRMATIVE DEFENSES

74.     The Attorney General affirmatively asserts that the Court lacks subject-matter ju-

risdiction.

75.     The Attorney General affirmatively asserts that NetChoice lacks standing.

76.     The Attorney General affirmatively asserts that NetChoice failed to state facts upon

which relief can be granted.

77.     The Attorney General affirmatively asserts that NetChoice has unclean hands.

78.     The Attorney General reserves the right to amend this pleading and to assert addi-

tional affirmative defenses to which he is entitled.


                                        Respectfully submitted,

                                        TIM GRIFFIN
                                        Attorney General


                            By:     John Payne
                                    Ark. Bar No. 97097
                                    Deputy Attorney General

                                    Jordan Broyles
                                    Ark. Bar No. 2015156
                                    Senior Assistant Attorney General

                                    Noah P. Watson
                                    Ark. Bar No. 2020251
                                    Senior Assistant Attorney General

                                    Justin Brascher
                                    Ark. Bar No. 2023029
                                    Assistant Attorney General

                                    Arkansas Attorney General's Office
                                    323 Center Street, Suite 200
                                    Little Rock, Arkansas 72201
                                    (501) 503-4335
                                    (501) 682-2591 fax
                                    john.payne@arkansasag.gov

jordan.broyles@arkansasag.gov
noah.watson@arkansasag.gov
justin.brascher@arkansas.gov

*Attorneys for Tim Griffin*