UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NETCHOICE, LLC**                                                                                                    **PLAINTIFF**

v.                                    CASE NO. 5:23-cv-05105-TLB

**TIM GRIFFIN, in his official capacity**
**as Attorney General of Arkansas**                                                              **DEFENDANT**

### BRIEF IN SUPPORT OF NETCHOICE'S MOTION TO VACATE DEADLINE FOR INITIAL DISCLOSURES AND TO STAY DISCOVERY

"A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Sai v. Dep't of Homeland Sec.*, 99 F.Supp.3d 50, 58 (D.D.C. 2015) (quoting *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)). Given these benefits, "such stays are granted with substantial frequency." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting cases). Here, a stay of discovery is plainly warranted because NetChoice's challenge to the constitutionality of Arkansas Act 689 of 2023 turns on pure questions of law that can (and should) be resolved based on widely known facts that are not genuinely disputed. NetChoice intends to file a dispositive motion in advance of the November 30, 2023 case-management conference, and, for the reasons explained in this Court's decision preliminarily enjoining Act 689, that motion is overwhelmingly likely to succeed. *See* Dkt.44 at 30-48 (explaining that the statute is unconstitutionally vague and separately violates the First Amendment). Accordingly, to conserve its own resources as well as those of the parties, the Court should vacate the November 21, 2023 deadline for initial disclosures and stay discovery pending resolution of NetChoice's forthcoming dispositive motion.

## LEGAL STANDARD

This Court has broad authority "to stay proceedings" as an incident of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In addition, Federal Rule of Civil Procedure 26(c) gives a district court "broad discretion to stay discovery" upon a showing of "good cause." *Nunes v. Lizza*, 2020 WL 6938825, at *1 (N.D. Iowa July 23, 2020); *see also, e.g.*, *United Fire & Cas. Co. v. Ill. Constructors Corp.*, 2017 WL 11452040, at *1 (N.D. Iowa Feb. 1, 2017) ("The grant of a stay is a matter of judicial discretion, which is 'dependent upon the circumstances of the particular case,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"); *Blair v. Douglas Cnty.*, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) (recognizing courts' broad discretion and inherent power to stay discovery pending outcome of a dispositive motion).

In determining whether to stay discovery, courts typically consider four factors: "(1) whether the movant has shown it is reasonably likely to succeed on the merits of its dispositive motion; (2) whether the movant has demonstrated it will suffer hardship or inequity if the matter is not stayed; (3) whether there will be prejudice to the non-moving party if the matter is stayed; and (4) what outcome is best for the conservation of judicial resources." *Villalobos v. United States*, 2022 WL 2452278, at *2 (D. Minn. July 6, 2022); *see also, e.g.*, *Jason M. Hatfield, P.A. v. Ornelas*, 2022 WL 3129069, at *1 (W.D. Ark. Aug. 4, 2022) (similar); *Raimo v. Wash. Univ. in St. Louis*, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) (similar); *Allen v. Agreliant Genetics, LLC*, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016) (similar).

## ARGUMENT

All four factors weigh in favor of granting the requested stay. This Court has already held that NetChoice is "likely to succeed on the merits" of its claims that Act 689 is unconstitutionally vague and violates the First Amendment. Dkt.44 at 5. Denying a stay would subject NetChoice and its members to burdensome, speech-chilling discovery, as well as the expense of potential motions practice regarding the propriety of the discovery directed at NetChoice members. *See* Dkt.47 ¶3. By contrast, staying discovery for the modest period it will take to resolve a dispositive motion involving legal issues this Court has already addressed in its 50-page preliminary injunction decision will not prejudice the State, which has not expressed any urgency to enforce the law. Granting the stay would also conserve judicial resources by obviating any need for this Court to preside over discovery disputes. This Court should therefore grant NetChoice's motion to stay, in accordance with the "well settled" rule that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 336 n.4 (quoting *Institut Pasteur v. Chiron,* 315 F.Supp.2d 33, 37 (D.D.C. 2004)).

### I.  NetChoice Is Likely To Succeed On The Merits Of Its Forthcoming Dispositive Motion.

District courts in this Circuit routinely consider "likelihood of success on the merits" in assessing whether to stay discovery pending resolution of a dispositive motion. *See, e.g.*, *Jason M. Hatfield, P.A.*, 2022 WL 3129069, at *1. To warrant a stay, the moving party "must show 'more than a mere possibility of success' on [its] motion to dismiss," but is "not required to demonstrate that [its] motion to dismiss has a greater than fifty percent probability of succeeding." *Dixon v. Edward D. Jones & Co., L.P.*, 2022 WL 4245423, at *2 (E.D. Mo. Sept. 15, 2022); *accord Danger v. Nextep Funding, LLC*, 2019 WL 4917181, at *3 (D. Minn. Jan. 22, 2019); *Raimo*, 2021

WL 243559, at *1 (granting motion to stay discovery based on "colorable" arguments for dismissal).

Here, NetChoice has shown far more than the requisite probability of success on the merits. Indeed, this Court has already issued a detailed, well-reasoned opinion explaining that Act 689 violates the Constitution twice over. *See* Dkt.44 at 30-48. First, the statute "is unconstitutionally vague because it fails to adequately define which entities are subject to its requirements," as illustrated by the fact that the State's attorney and the State's own expert witness gave "contrary answer[s]" at the preliminary injunction hearing when asked whether the Act applies to Snapchat. *Id.* at 32-33. Second, the statute is likely subject to strict First Amendment scrutiny, but fails to survive even intermediate scrutiny, as it "is not narrowly tailored to target content harmful to minors," and instead "simply impedes access to content writ large." *Id.* at 47. Tellingly, the State has declined to appeal these rulings. Thus, the first factor weighs heavily in favor of staying discovery.

## II.    NetChoice Members Will Likely Be Burdened By Unnecessary Discovery If The Matter Is Not Stayed.

On the second factor, district courts in this Circuit routinely find that parties "should not be subjected to the costs associated with discovery until the court rules upon their summary judgment [or other dispositive] motion." *Blair*, 2013 WL 2443819, at *2; *see, e.g.*, *Huff v. Canterbury Park Holding Corp.*, 2023 WL 5403472, at *3 (D. Minn. Aug. 22, 2023) ("[C]ourts, including the present court, disfavor the proliferation of litigation costs associated with potentially unnecessary litigation[]."); *Raimo*, 2021 WL 243559, at *1 (finding that discovery would likely cause hardship to movant even though "no discovery requests had been served when [its] motion [to stay] was filed"); *Danger*, 2019 WL 4917181, at *4 (even the potential for unnecessary discovery weighs in favor of granting a stay). And where, as here, a lawsuit implicates free speech,

courts have recognized "the chilling effect of expensive discovery on ... First Amendment rights" as a factor "weigh[ing] in favor of a stay." *Nunes*, 2020 WL 6938825, at *2.

While the State has not yet served any discovery requests on NetChoice or specified exactly what discovery it intends to seek, its statements in the Joint Rule 26(f) Report suggest that (at a minimum) it will seek documents from NetChoice members as well as deposition testimony from their employees. *See* Dkt.47 ¶3. It is wholly unnecessary for NetChoice and its members to devote resources to such discovery, as Act 689 is facially unconstitutional for multiple independent reasons and there is no genuine dispute regarding the handful of basic facts that may be relevant to the Court's analysis of the statute's constitutional defects. *See Hess v. Citibank (S.D.), N.A.*, 459 F.3d 837, 846 (8th Cir. 2006) (noting that some cases are ripe for summary judgment without discovery); *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 896-98 (8th Cir. 2014) (affirming award of summary judgment without any merits discovery). Under these circumstances, the second factor also tilts decidedly in NetChoice's favor.

### III. The State Will Not Be Prejudiced By A Stay Of Discovery Pending Resolution of NetChoice's Dispositive Motion.

In contrast, the State will not be harmed by the relatively brief stay of discovery NetChoice seeks. The State has not expressed any urgency to obtain discovery from NetChoice, or even specified what types of discovery it plans to seek. That is unsurprising, as there are no facts that could alter this Court's conclusions that Act 689, on its face, is unconstitutionally vague and is not narrowly tailored to further the State's asserted interest in protecting minors from harm. *See* Dkt.44 at 30-48. Nor has the State expressed any urgency to enforce the law, as it did not even appeal the Court's preliminary injunction order. In any event, this case presents none of the circumstances in which a stay might prejudice a nonmovant, e.g., a "risk of losing evidence" or "inability of witnesses to recall specific facts." *Cf. Raimo*, 2021 WL 243559, at *1; *Danger*, 2019

5

WL 4917181, at *4.  No trial date has been set; the requested stay "is likely to be relatively short"; and, if necessary, "the Court has the ability to extend the period for discovery to account for any time lost due to a stay."  *Dufrene v. ConAgra Foods, Inc.*, 2016 WL 10651947, at *4 (D. Minn. Apr. 7, 2016); *accord Blair*, 2013 WL 2443819, at *2 (burden of "potentially unnecessary discovery" outweighs any prejudice associated with relatively short stay).  In short, "the absence of any real showing of prejudice" to the State is a "compelling reason to grant the stay of discovery."  *Allen*, 2016 WL 5416418, at *3.

**IV.     The Requested Stay Would Conserve Judicial Resources.**

Finally, it is well established that staying discovery pending resolution of a dispositive motion is "likely [to] decrease the expenditure of judicial resources in resolving discovery disputes."  *Id.*; *see also Dixon*, 2022 WL 4245423, at *4 (potential conservation of judicial resources weighed in favor of granting a stay where a dispositive motion "could resolve the litigation in full"); *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, 2019 WL 4644021, at *6 (E.D. Mo. Sept. 24, 2019) (same); *Dufrene*, 2016 WL 10651947, at *4 (same).  That is plainly the case here.  There is no reason to spend judicial (and party) resources on expensive and potentially contentious discovery when the (un)constitutionality of Act 689 is a purely legal issue that can be resolved based on facts that are not genuinely in dispute.

**CONCLUSION**

The Court should grant NetChoice's motion to vacate the November 21, 2023 deadline for initial disclosures and to stay discovery pending resolution of its dispositive motion.

Date: October 27, 2023                    Respectfully submitted,

                                                                  Marshall S. Ney, Ark. Bar No. 91108
                                                                  Katherine C. Campbell, Ark. Bar No. 2013241
Friday, Eldredge & Clark, LLP
3350 S. Pinnacle Hills Pkwy, Suite 301
Rogers, AR 72758
Telephone: (479) 695-6049
Facsimile: (501) 244-5389
mney@fridayfirm.com
kcampbell@fridayfirm.com

Paul D. Clement (admitted *pro hac vice*)
Erin E. Murphy (admitted *pro hac vice*)
James Y. Xi (admitted *pro hac vice*)
Joseph J. DeMott (admitted *pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
joseph.demott@clementmurphy.com

*Counsel for Plaintiff NetChoice, LLC*