IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NETCHOICE, LLC**                                                                                                    **PLAINTIFF**

**V.**                                   **CASE NO. 5:23-CV-5105**

**TIM GRIFFIN, in his Official Capacity**
**as Attorney General of Arkansas**                                                                    **DEFENDANT**

## ORDER

Now before the Court is Defendant Tim Griffin's Motion to Alter Judgment (Doc. 82) under Rule 59(e). Plaintiff NetChoice, LLC has filed a Response in Opposition (Doc. 93) and Defendant has filed a Reply (Doc. 96). For the reasons that follow, the Motion is **DENIED**.

In 2023, the Arkansas legislature enacted Act 689, the "Social Media Safety Act," which requires an ill-defined group of social media platforms to verify the age of all account holders who reside in Arkansas in order to prevent minors from opening accounts without parental consent. NetChoice, an Internet trade association representing many of the affected social media platforms, successfully challenged Act 689 on First Amendment and due process grounds. *See* Doc. 77. The Court granted NetChoice the declaratory and injunctive relief it sought, declaring Act 689 unconstitutional and permanently enjoining "Defendant, his employees, agents, and successors in office, and all persons acting in concert with them from enforcing Act 689." (Doc. 78). Defendant now claims that the Court erred in declaring Act 689 unconstitutional and enjoining him from enforcing it because some portions of the Act, he claims, would not harm NetChoice.

1

Federal Rule of Civil Procedure 59(e) provides "a mechanism for the district court to correct its own mistakes shortly after entering judgment." *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024).

> Rule 59(e) has a corrective purpose and as such cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting.

*Id.*

Defendant argues that "the judgment and its injunction exceed this Court's equitable powers and are overbroad." (Doc. 83, p. 1). In support, he points to particular portions of the act whose constitutionality was not specifically addressed by the Court or for which the Attorney General is not charged with enforcement, arguing that NetChoice would not be harmed by these portions. In response, NetChoice asserts that this is a severability argument which Defendant has not previously raised. Defendant claims that this is not a severability argument—NetChoice simply failed to carry its burden to show that enjoining the whole Act was necessary to afford it complete relief.

Defendant's claim that he is not making a severability argument is specious at best. "Severability" is the idea that a Court can "sever" parts of a statute from the rest and thereby invalidate only the unconstitutional parts while leaving the rest in effect. This idea reflects the understanding that, as Defendant argues, relief from constitutional violations "must be tailored to remedy specific harm shown." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). Whatever Defendant chooses to call his argument, he picks out particular subsections of the Act that he claims the Court should not have enjoined and asks the Court to modify its Judgment accordingly. This would require the Court to find that those

portions of Act 689 are severable from the unconstitutional portions. Defendant did not make this argument in any filing prior to the current Motion, and Rule 59(e) "cannot be used as a vehicle to tender new legal theories [or] raise arguments that could have been made prior to the issuance of judgment." *Nordgren*, 96 F.4th at 1077; *see MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 776 n.6 (8th Cir. 2015) ("[W]e decline to consider whether H.B. 1456's heartbeat testing requirement is severable from its abortion restriction because the State has not argued for severability."); *Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984) ("Defendants raised their issue regarding severability for the first time in their motion for reconsideration, filed in the District Court after the injunction had been issued. By bringing this issue before the District Court in such an untimely fashion, defendants effectively waived their argument on severability . . . .").

Although Defendant failed to raise severability and is therefore not entitled to relief on this basis under Rule 59(e), the Court briefly notes that the argument also fails on the merits. "Severability [of state statutory provisions] is of course a matter of state law." *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996). Act 689 says nothing about severability. Under Arkansas law when a statute "does not contain an express severability clause[,] . . . it suggests that the legislative intent was to pass the act as a whole." *Hobbs v. Jones*, 2012 Ark. 293, at 18 (2012). The absence of a severability clause is not alone determinative, however, and courts "look to whether a single purpose is meant to be accomplished by the act, and whether the sections of the act are interrelated and dependent upon each other." *Id.* at 16–17. Here, the Act has a *single* section with a single purpose: requiring age verification for use of social media. And the subsections of the single-section Act are interrelated and dependent upon each other: all of the provisions

3

Defendant claims should not be enjoined rely on the content-based definitions of "social media company" and "social media platform" that the Court held unconstitutional.

Defendant also argues that the Judgment should be altered "in light of the intervening change in law—the General Assembly's enactment of Act 900 of 2025." (Doc. 83, p. 8). Act 900, set to take effect on August 3, 2025, amends Arkansas Code §§ 4-88-1401 to -1403, the codified provisions of Act 689. That a case may become moot because of statutory amendments *in the future* does not justify "depriving NetChoice of relief from provisions that remain on the books *now*." (Doc. 93, p. 11).

Because Defendant has failed to identify a manifest error of law, his Motion to Alter or Amend Judgment (Doc. 82) is **DENIED**.

**IT IS SO ORDERED** on this 23rd day of July, 2025.

                                                          _____
                                                          TIMOTHY L. BROOKS
                                                          UNITED STATES DISTRICT JUDGE